Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
Email: ykim@kimlf.com

Ronald I. LeVine
Email: ron@ronlevinelaw.com
Eileen L. Linarducci
Email: elinarducci@ronlevinelaw.com
LAW OFFICE OF RONALD I. LEVINE, ESQ.
210 River Street, Suite 11
Hackensack, NJ 07601
Tel. (201) 489-7900
Fax (201) 489-1395

*Attorneys for Plaintiff and the Proposed Classes*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFFORD J. CHURCH, *on behalf of himself and those similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> WAKEFIELD & ASSOCIATES, INC.; <br> MATT D. LAWS; <br> RYAN E. BOETTCHER; <br> TYLER MARSH; <br> ROBERT MCREYNOLDS; <br> GREGG SWERSKY; <br> and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br><br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiff, Clifford J. Church, by way of Class Action Complaint against Defendants,

Wakefield & Associates, Inc., Matt D. Laws, Ryan E. Boettcher, Tyler Marsh, Robert

McReynolds, Gregg Swersky, and John Does 1 to 10 states:

## I.    NATURE OF THE ACTION

1.    Plaintiff brings this action for damages against Defendants arising from Defendants' violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage, as Defendants regularly do business in this district.

## III.    PARTIES

4.    Plaintiff, Clifford J. Church ("Plaintiff" or "Church"), is a natural person residing in Elmwood Park, New Jersey in Bergen County.

5.    Defendant, Wakefield & Associates, Inc. ("W&A"), is a collection agency with an office located at 10800 East Bethany Drive, Suite 450, Aurora, Colorado 80014.

6.    Defendant, Matt D. Laws ("Laws"), is the Chief Executive Officer of W&A.

7.    Defendant, Ryan E. Boettcher ("Boettcher"), is the Chief Operating Officer of W&A.

8.    Defendant, Tyler Marsh ("Marsh"), is the Secretary of W&A.

9.    Defendant, Robert McReynolds ("McReynolds"), is the Officer of W&A.

10.    Defendant, Gregg Swersky ("Swersky"), is the Officer of W&A.

11.    Plaintiff is informed and believes, and on that basis alleges, that Defendants John Does 1 to 10 are natural persons and/or business entities all of whom reside or are located within the United States and personally created, instituted and, with knowledge that such practices were

contrary to law, acted consistent with and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for all of the wrongdoing alleged in this Complaint.

## IV.    FACTS

### A.  Background

12.    Defendants are not in the business of extending credit, selling goods or services to consumers.

13.    Defendants regularly collect or attempt to collect past-due or defaulted debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

14.    Defendants are in the business of collecting past-due or defaulted debts or alleged debts of natural persons.

15.    Defendants use the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

16.    Defendants are engaged in the collection business.

17.    At all times relevant hereto, Laws, as a principal owner, officer, director, shareholder, and/or managing partner of W&A, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of W&A complained of herein.

18.     At all times relevant hereto, Boettcher, as a principal owner, officer, director, shareholder, and/or managing partner of W&A, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of W&A complained of herein.

19.     At all times relevant hereto, Marsh, as a principal owner, officer, director, shareholder, and/or managing partner of W&A, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of W&A complained of herein.

20.     At all times relevant hereto, McReynolds, as a principal owner, officer, director, shareholder, and/or managing partner of W&A, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of W&A complained of herein.

21.     At all times relevant hereto, Swersky, as a principal owner, officer, director, shareholder, and/or managing partner of W&A, personally implemented, and with knowledge such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of W&A complained of herein.

22.     Defendants have asserted that Plaintiff incurred or owed certain financial obligations arising from a medical account ("Debt" or "Account").

23.    The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family, or household purposes.

24.    The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

**B.  Unlawful Interest**

25.    Defendants contend that the Account is past-due and in default.

26.    Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

27.    The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

28.    At all times relevant hereto, Defendants acted in attempts to collect the Debt.

29.    In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff on November 14, 2018 (the "11/14/18 Letter").

30.    A true copy of the 11/14/18 Letter sent by W&A, but with redactions, is attached as ***Exhibit A***.

31.    The 11/14/18 Letter is an initial communication sent to Plaintiff by Defendants.

32.    On information and belief, the 11/14/18 Letter is a mass-produced, computer-generated, form letter that is prepared by the Defendants and mailed to consumers in the State of New Jersey, such as Plaintiff, from whom they are attempting to collect a debt.

33.    The 11/14/18 Letter states:

> As of the date listed at the top of this letter, you owe $35.85. Because of interest which accrues at the rate of 6.00% per annum, the amount due on the day you pay may be greater. However, if you pay the

balance of $35.85 within 45 days of the date on this letter, this account would be considered paid in full."

34.    Further, in the back of the 11/14/18 Letter, Defendants itemize the interest assessed on the medical account.

35.    On information and belief and contrary to the statement contained in the 11/14/18 Letter, Defendants are not legally permitted to add "interest" to the Account.

36.    On information and belief, contrary to the statements contained in the collection letter, at no time are Defendants or the creditor permitted to add "interest" to consumer debts, which are similar to the Account, and which it seeks to collect.

37.    On information and belief, Defendants and the creditor are not legally or contractually permitted to add "interest" to the Account.

38.    Defendants' statement that interest "accrues at the rate of 6.00% per annum" is false, deceptive, and misleading to the least sophisticated consumer as the creditor does not charge interest.[1]

39.    Such a false statement makes the least sophisticated consumer uncertain as to the amount allegedly owed to the creditor, and uncertain as to how much additional interest would continue to accrue.

40.    Defendants' false and misleading statement of threatening interest and unlawfully charging interest is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying less than the full amount owed or not paying immediately would cause the balance to increase.

---

[1] *Hovermale v. Immediate Credit Recovery Inc.*, No. 15-cv-5646-RBK-JS, 2016 U.S. Dist. LEXIS 102206, at *8 (D.N.J. Aug. 4, 2016) ("Because Defendant could not lawfully assess late charges, it was misleading to the least sophisticated debtor for Defendant to represent that Plaintiff's amount due "may be greater" due to late charges.").

**C. Unlawful Processing Fee**

41.    The 11/14/18 Letter provides a section on the bottom of the front of the letter for Plaintiff to provide his credit card information and return it to Defendants.

42. The back of the 11/14/18 Letter states:

> If you choose to pay with credit or debit card, you agree to pay a $5.95 payment processing fee. . .

43.    Upon information and belief, Defendants are not permitted to charge consumers a "$5.95 payment processing fee" on credit card or debit card payments.

44.    Plaintiff is informed, and believes, and therefore alleges Defendants' collection letters are designed to drive least sophisticated consumers, such as Plaintiff, to either make payments by credit card or debit card—thereby profiting off of the unlawful credit card or debit card transaction fees—or dissuade consumers from paying by a credit card or debit card in order to lure consumers into paying by using methods more profitable to Defendants and more inconvenient to the consumer.[2]

45.    The inclusion of a "$5.95 payment processing fee" to make a credit card or debit card payment is intended to falsely convey that Defendants are legally and/or contractually permitted to charge a "fee" for a credit card or debit card payment when in fact such a fee/charge is neither authorized by contract nor permitted by law.

46.    The inclusion of a payment processing fee to make a payment is a collection ploy and a deceptive tactic used to trick the least sophisticated consumer that paying by credit card or debit card can cause the balance to be assessed a "$5.95 payment processing fee" and therefore increase, when in fact such a fee/charge is neither authorized by contract nor permitted by law.

_____

[2] *Thomas v. Youderian*, 232 F. Supp. 3d 656 (D.N.J. 2017).

47.    Plaintiff is informed and believes that the creditor of the Account does not charge consumers a "$5.95 payment processing fee" for any payments collected using a credit card or debit card.

48.    The representations on the letter are materially false, deceptive, and misleading in that, *inter alia*, it falsely states that Defendants are legally and/or contractually allowed to charge and collect a "$5.95 payment processing fee" for credit card or debit card payments, and that *each* credit card or debit card payment will result in a "$5.95 payment processing fee".

49.    Defendants intended that the materially false statements contained on its letters would cause Plaintiff and other similarly situated consumers confusion about the exact amount of money they allegedly owed.

50.    The additional "$5.95 payment processing fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by the agreement creating the debt.

51.    The additional "$5.95 payment processing fee" constitutes the collection of an amount incidental to the principal obligation that is not expressly authorized by New Jersey law.

52.    Defendants' characterization of the additional "$5.95 payment processing fee" is false, deceptive, and misleading in that it is well in excess of the actual amount, if any, Defendants incurred with respect to its processing such payments.

53.    Defendants' characterization of the additional "$5.95 payment processing fee" is false, deceptive, and misleading in that it fails to disclose the true nature of the fee and misrepresents the actual amount, if any, of any fee Defendants would incur.

54.     Defendants' characterization of the additional "$5.95 payment processing fee" is false, deceptive, and misleading in that it is well in excess of what any bank or payment processing entity would charge to process such a payment transaction.

55.     Defendants' characterization of the additional "$5.95 payment processing fee" is false, deceptive, and misleading in that Plaintiff understood it to mean, as would the least sophisticated consumer, that Defendants are legally entitled to charge or collect the fee when, in fact, it is not legally or contractually entitled to do so.

**D.  Failure to Identify the Creditor**

56.     Further, the 11/14/18 Letter states that the creditor is both "HACKENSACK UMC & LHP HOSPITAL GROUP INC".

57.     Upon information and belief, both entities cannot be the creditor.

58.     Defendants have failed to effectively identify the name of the current creditor.

## V.     POLICIES AND PRACTICES COMPLAINED OF

59.     It is Defendants' policy and practice to send written collection communications, in the form exemplified in Exhibit A, in an attempt to collect consumer debts, which falsely threatened interest and payment processing fees, unlawfully charged interest, and failed to effectively identify the name of the creditor, in violation of the FDCPA.

60.     Defendants used the same procedures it used in sending the letters attached as Exhibit A to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## VI.     CLASS ACTION ALLEGATIONS

61.     Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

62.     Subject to discovery and further investigation which may cause Plaintiff to modify,

narrow or expand the following class definition at the time Plaintiff moves for class certification,

Plaintiff seeks certification of classes initially defined as follows:

> **Interest Class**: All natural persons with addresses within the State of
> New Jersey to whom, beginning November 13, 2018 through and
> including the final resolution of this case, Defendants sent one or
> more letter(s) in attempts to collect a debt, which letter contained
> one or more of the same or similar statement: "As of the date listed at
> the top of this letter, you owe $[amount of debt]. Because of interest
> which accrues at the rate of [interest rate]% per annum, the amount
> due on the day you pay may be greater. However, if you pay the
> balance of $[amount of debt] within 45 days of the date on this letter,
> this account would be considered paid in full."

> **Fee Class**: All natural persons with an address within in the State of
> New Jersey, beginning November 13, 2018 through and including
> the final resolution of this case, who paid the $5.95 payment
> processing fee to Defendants, and/or to whom Defendants sent one
> or more letter(s) which letter contained the same or similar statement:
> "If you choose to pay with credit or debit card, you agree to pay a
> $5.95 payment processing fee."

> **Creditor Class**: All natural persons with addresses within the State
> of New Jersey to whom, beginning November 13, 2018 through and
> including the final resolution of this case, Defendants sent an initial
> communication in attempts to collect a debt, which letter stated the
> current creditor to be "HACKENSACK UMC & LHP HOSPITAL
> GROUP INC[.]"

63.     Plaintiff seeks to recover statutory damages, actual damages, and attorney's fees

and costs on behalf of all class members under the Fair Debt Collection Practices Act.

64.     The classes for whose benefit this action is brought is so numerous that joinder of

all members is impracticable.

65.     There are questions of law and fact common to the members of the classes that

predominate over questions affecting only individuals.

66.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the classes and will foster economies of time, effort and expense.

67.    Plaintiff's claims are typical of the claims of the members of the classes.

68.    The questions of law and/or fact common to the members of the classes predominate over any questions affecting only individual members.

69.    Plaintiff does not have interests antagonistic to those of the classes.

70.    The classes, of which Plaintiff is a member, is readily identifiable.

71.    Plaintiff will fairly and adequately protect the interests of the classes, and has retained competent counsel experienced in the prosecution of consumer litigation.  Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, consumer and other complex litigation, and claims of the type asserted in this action.

72.    The prosecution of separate actions by individual members of the classes would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.  Prosecution as a class action will eliminate the possibility of repetitious litigation.

73.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VII.     FIRST COUNT: VIOLATIONS OF THE FDCPA

74.     Plaintiff, on behalf of himself and others similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

75.     Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

76.     The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

77.     Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

78.     The letter attached as Exhibit A, and the letters which are the same or similar in form, sent by Defendants to Plaintiff and numerous other New Jersey consumers are "communications" pursuant to 15 U.S.C. § 1692a(2).

79.     The letter attached as Exhibit A, and the letters that are the same and similar in form, were sent by Defendants to Plaintiff and those similarly situated in an attempt to collect the debts.

80.     Defendants' use of the written communications as described above, sent to Plaintiff and those similarly situated, violated sections 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), 1692e(5), 1692e(8), 1692e(10), 1692f, 1692f(1), 1692g, 1692g(a)(1), and 1692g(a)(2).

81.     The violations of the FDCPA described herein constitute *per se* violations.

82.    Based on any one or more of those violations, Defendants are liable to Plaintiff and those similarly situated for damages, attorney's fees and costs under 15 U.S.C. § 1692k.

## VIII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Clifford J. Church, on behalf of himself and others similarly situated, demands judgment against Defendants, Wakefield & Associates, Inc., Matt D. Laws, Ryan E. Boettcher, Tyler Marsh, Robert McReynolds, and Gregg Swersky as follows:

A.    For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the classes, and appointing the attorneys of Kim Law Firm LLC and The Law Office of Ronald I. LeVine, Esq. as class counsel;

B.    For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C.    For statutory damages in favor of each class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.    For actual damages in favor of Plaintiff and each class pursuant to 15 U.S.C. 1692k(a)(1);

E.    For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

F.    For pre-judgment and post-judgment interest; and

G.    For such other and further relief as the Court deems equitable and just.

## IX.    JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## X.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the Proposed
Classes*

Dated: November 13, 2019